WILLIAM H. RUSLING, administrator of Gershom Rusling, deceased,

*v.*

STACY B. BRAY et al.

1. The court cannot approve of suspending the examination of witnesses before the master, in order to have settled whether or not portions of testimony offered are relevant.

2. A witness cannot decide for himself whether or not he will answer the questions propounded, except where the answer will have a tendency to expose him to a penal liability, or any kind of punishment, or to a criminal charge, or to the forfeiture of his estate, or to degrade his character.

On bill. Motion to suppress testimony and to compel a witness to answer.

*Mr. James F. Rusling*, for motion.

*Mr. C. A. Skillman, contra.*

BIRD, V. C.

As to the relevancy of the testimony respecting an alleged agreement between Mr. Gershom Rusling, in his lifetime, and Mr. Bray, concerning the premises or the mortgage thereon, out of which the surplus-money now to be disposed of arose, or respecting the support of the infant who claims that money by her guardian, I shall express no opinion. It might prove very unwise and misleading so to do at this stage of the cause. If such questions can properly be mooted at all before final hearing, I think they ought not to be opened to the court until the examination of witnesses has been formally closed. To establish or tolerate the practice of allowing parties to suspend the examination, in order to obtain the opinion of the court as to the competency of witnesses or the relevancy of evidence, would greatly impede and embarrass suitors, and often prove disastrous to poor

litigants.   It is urged that the record should not be encumbered with useless material.   The answer is that the party insisting on the production of illegal evidence does so at his peril as to all the costs that shall follow.   See *Williams* v. *Vreeland's Executors, 3 Stew. Eq. 576.*

The other inquiry is of a different nature.   The witness refuses to answer.   She undertakes to prescribe the limits of the inquiry.   This is therefore properly before the court at this stage.   It must be disposed of, but without in any respect settling the question of relevancy, or the right to put the question on cross-examination.   The question submitted, but not answered, was :   " On a fair estimate of your property, both real and personal, what do you swear you are worth ? "   It was the duty of the witness to answer.   A witness, on examination before the master, has no discretion as to what questions may or may not be answered, unless the answer will subject him to a penal liability, or any kind of punishment, or to a criminal charge, or to the forfeiture of his estate, or to degrade his character.   See *1 Greenl. on Ev. §§ 451–454.*

The motion to suppress will be overruled ; the motion for an order directing the witness to answer will be granted, but without costs to either party.